**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**IRA M. BUTLER**                                                                                               **PLAINTIFF**

**VS.**                                                                        **CIVIL ACTION NO. 3:05CV262LS**

**BANCORPSOUTH BANK, a Mississippi
Banking Corporation,** *ET AL.*                                                               **DEFENDANTS**

**ORDER**

Before the court are several Motions to Compel Compliance with Subpoena, related to subpoenas duces tecum served on the following non-parties: Evan Johnson and Sons Construction, Inc.; Ellis Masonry, Inc.; Jay Bearden Construction, Inc.; Northeast Construction Company; Utility Constructors, Inc.; Benchmark Construction Corporation; Ingram Construction Company, Inc. and Denotee Martin Contractors, Inc. ("the Contractors"). The subpoenas served on these parties seek the same information, and they have filed a collective response to the Motion to Compel; therefore, they will all be considered together. This matter involves the Plaintiff's claim that the Defendants conspired to steal his clients, causing him financial losses. Each subpoena seeks the following information from the Contractors:

> A certified copy of any and all documents, electronically stored information or tangible things in your possession which pertain to the business relationship between Ira Michael "Mike" Butler and Ingram Construction Company, Inc., and/or any of its predecessors or successors in interest for the time period of January 1, 2001, to the present, specifically any and all documentation of bond submissions, bond bids and/or any information pertaining to bonds submitted to any entity on behalf of Ingram Construction Company, Inc., and/or any of its predecessors or successors in interest by Ira Michael "Mike" Butler.

The Contractors requested that they be compensated at the rate of $25.00 per hour to search for these records, $0.25 per page for copying expenses, and mailing costs. The parties have now

agreed to the copying and mailing charge; at issue is whether the Defendants should pay the Contractors an hourly rate for searching for these documents.  In the opinion of the court, the subpoena is potentially overly broad and burdensome, such that the Contractors ought not to be required to search for these documents without some compensation.  Fed. R. Civ. P. 45(c)(2)(B) requires the court to protect non-parties from significant expense related to discovery requests.  *See, e.g., Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999) ("Courts addressing the issue of how the costs of subpoena compliance should be allocated have consistently emphasized that non-parties who have no interest in a litigation should not be required to subsidize the costs of a litigation.").  Moreover, the Defendants have not put forward a convincing argument that these documents are necessary to its defense.

On the other hand, the court sees no reason that the Contractors should profit from this request for documents, and it is unlikely that the person assigned to search for them makes $25.00 an hour.  A party claiming that discovery creates an undue burden must offer evidence supporting that claim.  *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998); *Federal Trade Comm'n v. Standard American, Inc.*, 306 F.2d 231, 235 (3rd Cir. 1962); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003); *Compagnie Francaise D'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984) ("Defendant cannot evade its discovery responsibilities by 'simply inton[ing] this familiar litany' that the interrogatories are burdensome, oppressive or overly broad."), citing *Roesberg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980).  The court sees no reason that the Contractors, even though non-parties, ought to be excused from making some similar showing of the actual expense they will incur by conducting this search.

The court, therefore, finds that the Motions to Compel should be denied at this time. That denial is without prejudice to the Defendants' right to more narrowly tailor and re-issue the subpoenas. If, after service of new subpoenas, the Contractors intend to request an hourly fee from the court, they should be prepared to offer affidavit evidence as to the expenses that will likely be **actually incurred** by the search.

Also before the court is the Defendants' Motion for Leave to Use the Deposition Testimony of Bea Smith in the Current Action. This testimony was apparently given during a deposition taken in a similar case involving counsel for the Plaintiff. No objection has been submitted to this Motion, and it will, therefore, be granted.

IT IS, THEREFORE, ORDERED that the Motions to Compel Compliance with Subpoena directed to the Contractors identified above are hereby **denied**.

IT IS FURTHER ORDERED that the Defendant's Motion for Leave to Use the Deposition Testimony of Bea Smith in the Current Action is hereby **granted**.

IT IS SO ORDERED, this the 31st day of October, 2006.

                                            S/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE