**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**IRA M. BUTLER**                                                                       **PLAINTIFF**

**vs.**                                           **CIVIL ACTION NO. 3:05cv262-DPJ-JCS**

**BANCORPSOUTH BANK, a Mississippi**
**Banking Corporation, et al.**                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions for summary judgment, including one filed by Defendants CNA Surety Corp.; CNA Financial Corp.; American Casualty Company of Reading, PA; Continental Casualty Company; Continental Insurance Company; Fireman's Insurance Company of Newark, NJ; National Fire Insurance Company of Hartford; Western Surety Company; and Universal Surety Company (collectively "CNA") and one by Defendant Bancorpsouth Insurance Services, Inc. ("BancorpSouth"). Also before the court are two motions to strike, one by CNA and one by BancorpSouth. Plaintiff Ira M. Butler ("Butler") has responded in opposition to all pending motions. Having considered the submissions of the parties, along with the applicable law, the Court concludes that Defendants' motions for summary judgment should be granted with regard to Plaintiff's RICO claims, that Plaintiff's remaining state law claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3) (2006), and that Defendants' motions to strike are moot.

**I.**     **Facts/Procedural History**

Both Plaintiff and Defendants have presented detailed accounts of the facts at issue in this case, all of which the Court reviewed, few of which proved relevant to the Court's limited ruling.

1

In general, this suit involves a series of transactions occurring between Butler, CNA, BancorpSouth, and others regarding the end of Butler's contractual relationship with BancorpSouth. As a result of allegedly illegal actions purportedly taken during these transactions, Butler filed suit on April 25, 2005, asserting RICO violations, tortious interfere with business relationships, and common law fraud. After a number of preliminary proceedings, including the dismissal of several defendants, CNA and BancorpSouth filed the instant motions for summary judgment.

## II.     Standard of Review

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th

Cir. 1994) (en banc).  Instead, when the movant shows the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).  A simple plea for a jury trial on the bare assertion that there are genuine issues of material fact is not a sufficient response to a motion for summary judgment.  *F.D.I.C. v. Brewer*, 823 F. Supp. 1341, 1347 (S.D. Miss. 1993) (citing *Washington v. Armstrong World Indus., Inc.*, 839 F.3d 1121, 1122–23 (5th Cir. 1988)).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

**III.    Analysis**

    A.    <u>Motions for Summary Judgment</u>

        1.    *Plaintiff's RICO Claims*

Count 1 of Plaintiff's Complaint asserts RICO violations under 18 U.S.C. § 1962(c) and (d), alleging that BancorpSouth and CNA engaged in mail and wire fraud "to conspire to fraudulently and tortiously interfere with Plaintiff's business relationships by 'blocking' [Plaintiff] out of the [surety bond] industry and from certain markets in the insurance industry with which he had long established" relationships.  Plaintiff's Complaint at ¶ 46.

RICO § 1962(c) provides, in relevant part, that

> [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Subsection 1962(d) makes it unlawful to conspire to violate 1962(c). "Regardless of the subsection, RICO claims under § 1962 have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (quoting *World of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996)). Here, the Court concludes as a matter of law that Plaintiff cannot establish the continuity required to show a pattern of racketeering activity. Consideration of the remaining essential elements is therefore unnecessary.

"To prove a 'pattern of racketeering activity,' a plaintiff must show at least two predicate acts of racketeering that are related and amount to or pose a threat of continued criminal activity." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139–40 (5th Cir. 1992) (citing 18 U.S.C. § 1961(5); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238 (1989)). Even assuming, *arguendo*, that the alleged acts in this case constitute "racketeering activity," Plaintiff has failed to establish the second prong of the test—continuity.

The concept of continuity has been difficult to define. *Calcasieu Marine Nat'l Bank v. Grant,* 943 F.2d 1453, 1464 (5th Cir. 1991). However, the Supreme Court provided substantial guidance in *H.J. Inc.*, explaining that

> [w]hat a plaintiff . . . must prove is continuity of racketeering activity, or its threat, *simpliciter*. This may be done in a variety of ways, thus making it difficult to formulate in the abstract any general test for continuity. We can, however, begin to delineate the requirement.

> Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition. It is, in either case, centrally a temporal concept-and particularly so in the RICO context, where *what* must be continuous, RICO's predicate acts or offenses, and the *relationship* these predicates must bear one to another, are distinct requirements. A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct. Often a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the *threat* of continuity is demonstrated.

492 U.S. at 241–42 (internal citations omitted).

The approach adopted by the Supreme Court in *H.J. Inc.* is flexible and has been described by the Fifth Circuit Court of Appeals as follows: "A party may show 'continuity over a closed period by proving a series of related predicates extending over a substantial period of time' or by proving 'past conduct that by its nature projects into the future with the threat of repetition.'" *Grant*, 943 F.2d at 1464 (citing *H.J. Inc.*, 492 U.S. at 241–43).

It is not clear from the pleadings whether Plaintiff is asserting closed or open-ended continuity. The Plaintiff has not, however, offered sufficient proof to establish continuity under either theory. To the extent Plaintiff alleges a closed-ended claim, the alleged pattern did not extend for a "substantial period of time." *H.J. Inc.*, 492 U.S. at 242. Allegations of predicate acts extending over a few months with no threat of future criminal conduct are insufficient proof of closed-ended continuity. *Id.* at 241–42; *see also Grant*, 943 F.2d at 1464 ("Short-term criminal conduct is not the concern of RICO.").

Plaintiff's RICO statement alleges eleven predicate acts occurring between December 2001 and May 2002, a period of approximately six months. Plaintiff's RICO Statement at

¶5(a)–(c). Other courts have found that periods of predicate acts extending longer than six months were too short as a matter of law to establish continuity absent some proof of future criminal conduct. *See, e.g., Tel-Phonic Servs. Inc.,* 975 F.2d 1134 (affirming summary judgment where claimed pattern lasted seven months); *Fowler v. Burns Int'l Sec. Servs., Inc.*, 763 F. Supp. 862 (N.D. Miss. 1991) (granting summary judgment where alleged pattern occurred over a nine-month period); *Johnston v. Wilbourn*, 760 F. Supp. 578 (S.D. Miss. 1991) (granting summary judgment where alleged scheme lasted over nine months with no threat of continuity).

Similarly, Plaintiff failed to demonstrate an open-ended claim through "past conduct that by its nature projects into the future with the threat of repetition." *H.J. Inc.*, 492 U.S. at 241. Plaintiff argues in response to Defendants' motions that because Defendants are "big players" in the surety bond industry, they could use conduct similar to the predicate acts alleged in this case to "stomp out" other small brokers in the future. Even if the need for deterrence could somehow establish continuity, a position for which Plaintiff offers no authority, Plaintiff's factual argument lacks supporting record evidence and amounts to nothing more than speculation. The nonmoving party cannot satisfy his summary judgment burden with conclusory statements, speculation, and unsubstantiated assertions. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Ultimately, there is no record evidence of acts analogous to the typical indicia of open-ended continuity. Nothing in the record suggests a "specific threat of repetition"; that the acts or offenses are part of Defendants' "regular way of doing business"; that Defendants operate "as part of a long-term association that exists for criminal purposes"; or that "the predicates are a regular way of conducting defendant's ongoing legitimate business . . . or of conducting or

participating in an ongoing and legitimate RICO enterprise." *See Tel-Phonic Servs., Inc.,* 975 F.2d at 1140 (citing *H.J. Inc.*, 492 U.S. at 242–43).

Instead, this case is akin to those dealing with a single transaction. According to the Fifth Circuit, "where alleged RICO predicate acts are part and parcel of a single, otherwise lawful transaction, a pattern of racketeering activity has not been shown." *World of Faith Outreach Ctr Church, Inc.*, 90 F.3d at 123 (holding that alleged predicate acts were all part of the single endeavor to produce television news reports concerning a particular subject, and were consequently insufficient to prove continuity). In cases in which claimants allege a scheme with a single objective, courts have concluded that continuity does not exist because once the objective is accomplished, there is no threat of continued criminal activity. *See Grant*, 943 F.2d at 1464 (holding that former husband's acts, which were allegedly designed to deprive wife of her community property interest in a partnership, were "when completed, without threat of repetition"); *Fowler*, 763 F. Supp. at 865 (granting summary judgment on RICO claims, explaining that criminal acts occurring over a nine-month period, presumably ending when plaintiff was discharged, did not establish a pattern of racketeering activity); *Johnston*, 760 F. Supp. at 588 (granting summary judgment and finding that acts related to single bank merger that transpired over nine-month period failed to establish continuity).

According to Plaintiff's RICO Statement, Defendant's predicate acts form a pattern of racketeering activity

> to conspire and fraudulent[ly] induce [Plaintiff] to continue his relationship with [BancorpSouth Insurance Services, Inc.] with the primary purpose of such fraudulent inducement to gain the long-standing clients of Plaintiff by blocking his access to markets. [BancorpSouth Bank] and [BancorpSouth Insurance Services, Inc.], through collusion, fraud and by tortiously interfering with Plaintiff's business relationships

>with CNA, St. Paul and others, via the U.S. Mail and phone, fax and emails, prevailed upon CNA, St. Paul and others to deny Mr. Butler the ability and customary and normal right to do business with them.

Plaintiff's RICO Statement at ¶5.  Thus, Plaintiff alleges that a small number of perpetrators acted in a scheme with a single objective (gaining Plaintiff's long-standing clients and blocking Plaintiff from certain markets in the industry) and limited duration (six months) to harm a single victim (Plaintiff).  The short-term criminal conduct alleged in Plaintiff's submissions is simply not the type of activity RICO was intended to address; Plaintiff alleges a short-term scheme for which there was no threat of repetition.  *H.J. Inc.*, 492 U.S. at 241–42.  Accordingly, the Court concludes as a matter of law that Plaintiff cannot establish the requisite continuity, and his RICO claims should therefore be dismissed.[1]

### 2.    *Plaintiff's State Law Claims*

Plaintiff's remaining claims are all brought pursuant to state law, and therefore are not properly before this Court in the absence of a viable federal claim.  A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1376(c)(3).  "In cases where all of the federal claims are dismissed before trial, the general rule is that a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had pendent

---

[1] In his summary judgment response, Plaintiff attempts to establish continuity by explaining that two years after the predicate activities of the alleged conspiracy took place, CNA still refused to do business with him. Plaintiff asserts that CNA's continued refusal to work with him could "only evince the continued racketeering activity that is meant to be discouraged." Plaintiff's Consolidated Response to Defendants' Motions for Summary Judgment at 23. Plaintiffs' argument regarding CNA's motives is speculative in nature. Moreover, a "[p]attern of racketeering activity is defined under RICO according to the time of the predicate acts," and Plaintiff has only alleged predicate acts occurring within a six month period from December 2001 to May 2002. *Johnston*, 760 F. Supp. at 588 n.15.

jurisdiction." *Priester v. Lowndes Co.,* 354 F.3d 414, 425 (5th Cir. 2004) (citing *Sibley v. Lemaire*, 184 F.3d 481, 490 (5th Cir.1999).

Because Plaintiff's Complaint alleges that both he and BancorpSouth, one of the remaining Defendants, are citizens of Mississippi, original jurisdiction in this case must be premised on federal question jurisdiction, namely alleged RICO violations.  Having dismissed the only claim for which this Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claims.  Accordingly, Plaintiff's state law claims for tortious interference with business relationships, fraud, and punitive damages are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

B.      Motions to Strike

Although portions of Defendants' motions to strike are meritorious and could be granted, the Court's decision does not implicate the material at issue in Defendants' motions. Consequently, a specific ruling on Defendants' motions to strike is unnecessary to the Court's determination in this case.

**IV.    Conclusion**

The Court has considered and rejected the remaining arguments raised in Plaintiff's submissions.  Accordingly, for the reasons stated herein, the Court grants Defendants' motions for summary judgment as to Plaintiff's RICO claims and dismisses Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. §1367(c)(3).

**SO ORDERED AND ADJUDGED** this the 31th day of October, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE